GRIMES, Chief Judge.
Appellant filed suit against the Century National Bank of Broward in the Circuit Court for Pinellas County seeking damages for breach of a brokerage contract. The bank then filed a motion to transfer venue to Broward County, maintaining that all of its offices are in Broward County and that federal law requires that a plaintiff who is suing a national bank in a state court bring his action against the bank in the county in which it is located. The court agreed with the bank’s position and ordered the action transferred to Broward County.
On appeal, appellant argues that because the bank had previously loaned money and accepted mortgages on property lying within Pinellas County it in effect had a branch office located there. We reject appellant’s contention. Since the record clearly demonstrates that the bank maintains offices only in Broward County, we hold that venue lies in that county. Citizens & Southern National Bank v. Bougas, 434 U.S. 35, 98 S.Ct. 88, 54 L.Ed.2d 218 (1977); 12 U.S.C. § 94 (1976).
Appellant also challenges the part of the court’s order in which the court ruled “that the defendant recover its costs in transferring this action to Broward County from the plaintiff in an amount to be determined by the Court at a later date.” Appellant points out that the bank did not request the taxation of costs in its motion for change of venue or in a separate motion and did not refer to the matter at the hearing on the venue motion. Under the circumstances, we interpret the court’s order only to require appellant to pay the Broward County filing fee. As construed, the order transferring venue is
AFFIRMED.
SCHEB and CAMPBELL, JJ., concur.